UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CHARLES HARMON, *et al.*, § | |
| § | |
| Plaintiffs. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:20-cv-00021 |
| § | |
| SHELL OIL COMPANY, *et al.*, § | |
| § | |
| Defendants. § | |

## OPINION AND ORDER

Pending before me is Defendant Shell Oil Co.'s Motion to Strike Plaintiffs' Jury Trial Demand ("Motion to Strike"). *See* Dkt. 196. Having reviewed the briefing and the applicable law, I **GRANT** the Motion to Strike.[1]

## BACKGROUND

Plaintiffs Charles Harmon, Brian Coble, and David Lawrence (collectively, "Plaintiffs") are current or former employees of Shell Oil Co. ("Shell") and beneficiaries of Shell's defined contribution 401(k) retirement plan, the Shell Provident Fund 401(k) Plan (the "Plan"). They bring this lawsuit under 29 U.S.C. § 1132(a)(2)–(3), asserting breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. §§ 1001–1461.

Section 1132(a)(2) allows beneficiaries to bring a civil action "for appropriate relief under section 1109 of this title." *Id.* § 1132(a)(2). Under this provision, Plaintiffs seek to hold the Plan's fiduciaries personally liable to "make good to the Plan all losses resulting from each breach of fiduciary duty." Dkt. 84 at 3 (citing 29 U.S.C. § 1109(a)). Plaintiffs also seek "other appropriate equitable relief" for an

---

[1] A motion to strike a jury demand is considered a nondispositive matter for which a magistrate judge can issue an opinion and order as opposed to a memorandum and recommendation. *See Deslauriers v. Chertoff*, No. 07-cv-184, 2009 WL 3418525, at *1 n.1 (D. Me. Oct. 20, 2009) (collecting cases).

ERISA violation, as permitted by 29 U.S.C. § 1132(a)(3). *See id.* at 12. Plaintiffs demanded a jury trial. *See id.* at 96. Shell now moves to strike Plaintiffs' jury demand, arguing that Plaintiffs are not entitled to a jury trial because of the equitable nature of the claims and remedies sought.

## LEGAL STANDARD

Parties may invoke their right to a jury trial if the right is provided by a federal statute or the Seventh Amendment. *See* FED. R. CIV. P. 38(a). Because ERISA provides no express right to a jury trial, *see Elms v. Aetna Health, Inc.*, No. SA-08-cv-0741, 2009 WL 10699499, at *1 (W.D. Tex. Jan. 6, 2009) ("ERISA has no express statutory right to a jury trial and there is no indication of congressional intent to grant such a right."), Plaintiffs must find a right to a jury trial, if any, under the Seventh Amendment.

The Seventh Amendment ensures the right to a jury trial "[i]n suits at common law." U.S. CONST. amend. VII. "Suits at common law" refers to cases involving legal, not equitable, rights. *See Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990). To determine whether a case involves legal rights, I am required by Supreme Court precedent to consider (1) whether the claim would have been deemed legal or equitable in 18th century England; and (2) whether the remedy sought is legal or equitable in nature. *See id.* at 565. "The second inquiry is the more important in [the] analysis." *Id.*

## DISCUSSION

Shell argues that Plaintiffs have no right to a jury trial because breach of fiduciary duty claims and the relief sought are traditionally equitable. For their part, Plaintiffs do not dispute that "actions for breach of trust and fiduciary duties historically are equitable in nature." Dkt. 197 at 6; *see also Borst v. Chevron Corp.*, 36 F.3d 1308, 1324 (5th Cir. 1994) ("[T]he first inquiry is relatively simple, as ERISA law is closely analogous to the law of trusts, an area within the exclusive jurisdiction of the courts of equity. We have held, as have the majority of the other circuits, that ERISA claims do not entitle a plaintiff to a jury trial." (citations

omitted)). Instead, Plaintiffs argue that they have a right to a jury trial because their claim under 29 U.S.C. § 1132(a)(2) involves "'compensatory *damages*'—'the classic form of *legal* relief.'" Dkt. 197 at 6 (quoting *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255 (1993)).[2] Therefore, I will focus my analysis on the second, "more important" inquiry: whether Plaintiffs seek legal or equitable relief. *Terry*, 494 U.S. at 565.

Plaintiffs contend that the damages they seek—recovery for the Plan's performance losses and excessive fees paid to third parties—are legal relief because they are not "specifically identifiable funds in Shell's possession that in good conscience belong to Plaintiffs." Dkt. 197 at 8 (quotation omitted). To support this argument, Plaintiffs cite Supreme Court precedent involving ERISA claims against nonfiduciaries. In these cases, the Supreme Court held that remedies are equitable when they are targeted at specifically identifiable funds within nonfiduciaries' possession, as opposed to recovery from nonfiduciaries' general assets. *See Montanile v. Bd. of Tr. of Nat'l Elevator Indus. Health Benefit Plan*, 577 U.S. 136, 144 (2016) ("The underlying remedies that the plan sought also were equitable, because the plan sought specifically identifiable funds that were within the possession and control of the beneficiaries—not recovery from the beneficiaries' assets generally." (quotation omitted)); *U.S. Airways, Inc. v. McCutchen*, 569 U.S. 88, 98 (2013); *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 367 (2006); *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002); *Mertens*, 508 U.S. at 255.

Yet, the foregoing line of precedent does not apply here. In lawsuits involving ERISA claims against *fiduciaries*—like this case—it appears that it is of

---

[2] The equitable relief that Plaintiffs seek under § 1132(a)(3) does not negate the right to a jury trial on any claims involving legal relief. *See Tull v. United States*, 481 U.S. 412, 425 (1987) ("[I]f a legal claim is joined with an equitable claim, the right to jury trial on the legal claim, including all issues common to both claims, remains intact. The right cannot be abridged by characterizing the legal claim as incidental to the equitable relief sought." (quotation omitted)).

3

no import to the Supreme Court whether monetary remedies are targeted at specifically identifiable funds or at general assets. Instead, the appropriate question asks whether the monetary remedies sought are for a breach of duty by a fiduciary. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 442 (2011). In *Amara*, participants in CIGNA Corp.'s pension plan sued the plan's fiduciaries, seeking to reform the terms of the plan. *Id.* at 440. The district court granted relief in the form of affirmative and negative injunctions, which in part required the plan's administrator to pay participants money owed to them under the reformed plan. *See id.* at 425. On appeal, the Supreme Court noted that

> the fact that this relief takes the form of a money payment does not remove it from the category of traditionally equitable relief. Equity courts possessed the power to provide relief in the form of monetary compensation for a loss resulting from a trustee's breach of duty, or to prevent the trustee's unjust enrichment. Indeed, prior to the merger of law and equity this kind of monetary remedy against a trustee, sometimes called a surcharge, was exclusively equitable.

*Id.* at 441–42 (cleaned up).[3]

Further noting that a "surcharge" remedy also applied to "a breach of trust committed by a fiduciary encompassing any violation of a duty imposed upon that fiduciary," the Supreme Court held that the monetary remedies at issue were equitable. *Id.* at 442. In doing so, the Supreme Court emphasized that as far "as an award of make-whole relief is concerned, the fact that the defendant in this case, unlike the defendant in *Mertens*, is analogous to a trustee makes a critical difference." *Id.*

---

[3] Judge James K. Bredar in the District of Maryland, in a case involving ERISA claims against fiduciaries, explained the difference between a surcharge and damages:

> Characterizing the proposed remedy here as a surcharge (rather than as damages) makes particular sense given that the [plaintiff] seeks no compensation for himself, for his Department, or for the Government: rather, should the Court grant his prayer, Defendants will be required to restore all losses to the Plans and therefore distribute all Plan assets to the participants and beneficiaries.

*Perez v. Silva*, 185 F. Supp. 3d 698, 704 (D. Md. 2016).

4

Until *Amara*, the Fifth Circuit and other circuits limited "equitable relief" under ERISA to the "kinds of remedies typically available at equity," such as injunctions and restitution. *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 450 (5th Cir. 2013). Make-whole monetary damages, on the other hand, were not considered equitable relief. *See id.* But the Fifth Circuit recognized in *Gearlds* that under *Amara*, the make-whole damages sought by the plan participant could be considered equitable relief under § 1132(a)(3). *See id.* at 451–52; *see also Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 733 (5th Cir. 2018) ("After the Supreme Court's decision in *Amara*, a 'surcharge'—a type of monetary remedy against a trustee—is a potential § 1132(a)(3) remedy under our precedent." (quoting *Gearlds*, 709 F.3d at 452)).

This case is in accordance with *Amara* because the monetary remedy sought by Plaintiffs—recovery of losses to the Plan caused by the Defendants' alleged breach of fiduciary duties—is analogous to a suit against a trustee for breach of duty. Notably, Plaintiffs have also explicitly requested "surcharge" (i.e., make-whole) relief. Dkt. 84 at 97 (requesting a "surcharge against Defendants and in favor of the Plan all amounts involved in any transactions which such accounting reveals were improper, excessive and/or in violation of ERISA"). Accordingly, *Amara* suggests that the relief Plaintiffs seek from Defendants under § 1132(a)(2) is equitable in nature.

But Plaintiffs raise one more argument in an effort to distinguish *Amara* from this case. Plaintiffs contend that "*Amara* is inapposite because it involved a claim under 29 U.S.C. § 1132(a)(3), which authorizes only an injunction or 'other appropriate equitable relief.'" Dkt. 197 at 13. Meanwhile, "Plaintiffs bring suit under § 1132(a)(2), which incorporates the broader remedies in § 1109(a)." *Id.* Section 1109(a) holds a fiduciary "personally liable to make good to [a] plan any losses to the plan resulting from each such breach . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a). Plaintiffs argue that the phrase "or remedial relief" indicates that the

remedies provided in § 1109(a) are not limited to equitable relief; rather, they also include the "traditional legal remedy of 'losses to the plan.'" Dkt. 197 at 13.

Although the *Amara* Court examined whether the remedies sought by the plaintiffs could qualify as "equitable relief" under § 1132(a)(3), its analysis did not depend on the language of subsection (a)(3). In other words, nowhere does *Amara* suggest that relief that is equitable under subsection (a)(3) might be legal under subsection (a)(2). Instead, the *Amara* Court focused more generally on the history of equity courts and what qualifies as equitable relief. Plaintiffs' attempt to classify their request for monetary damages as a form of legal relief does not change the outcome under *Amara*, where a monetary remedy for breach of fiduciary duty is categorized as traditionally equitable relief. This view is in line with that of a majority of district courts considering ERISA claims against fiduciaries. *See, e.g.*, *Williams v. Centerra Grp., LLC*, 579 F. Supp. 3d 778, 783–84 (D.S.C. 2022) ("The cases Plaintiffs rely on in support—*Mertens*, *Great-West*, and *Montanile*—are distinguishable from this case as they involve claims against *non-fiduciaries*."); *Henderson v. Emory Univ.*, No. 1:16-cv-2920, 2018 WL 11350441, at *4 (N.D. Ga. Feb. 28, 2018) ("[T]he court agrees with the majority of courts holding that *Mertens*, *Great-West*, and *Montanile*—which each involved a 'critical difference' from this case—do not support the plaintiffs' argument." (quoting *Amara*, 563 U.S. at 442)); *Perez*, 185 F. Supp. 3d at 704 n.11 ("[T]he Court would be hard-pressed to characterize the Secretary's requested relief as legal in light of *Amara*'s discussion of surcharge.").

A minority of district courts—and none within the Fifth Circuit—have found that plaintiffs were entitled to a jury trial when seeking compensatory damages under § 1132(a)(2) against a fiduciary for breach of duty. But these cases either fail to consider *Amara* or rely on questionable or overruled precedent. For example, Judge P. Kevin Castel in the Southern District of New York felt constrained to follow circuit precedent holding that compensatory damages sought against a fiduciary for breach of duty were legal, not equitable, relief. *See Cunningham v.*

*Cornell Univ.*, No. 16-cv-6525, 2018 WL 4279466, at *2–4 (S.D.N.Y. Sept. 6, 2018) (discussing *Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005)). In doing so, Judge Castel noted that "[t]he *Pereira* court may have over-read *Great-West* in applying its dictum to the issue of the right to trial by jury under the Seventh Amendment. But unless and until the case is overruled or clear Supreme Court precedent intervenes, this Court must follow it." *Id.* at *4.[4] A Northern District of Georgia case cited by Plaintiffs that was decided before *Amara* relies on *Pereira* and a Fifth Circuit case that has since been overruled. *See Chao v. Meixner*, No. 1:07-cv-0595, 2007 WL 4225069, at *4 (N.D. Ga. Nov. 27, 2007) (citing *Pereira*, 413 F.3d at 340, and then *Amschwand v. Spherion Corp.*, 505 F.3d 342, 2007 WL 3027072, at *3 (5th Cir. Oct. 18, 2007), *overruled by Gearlds*, 709 F.3d at 452). The cases cited by Plaintiffs fail to convince me that *Amara* is not dispositive on this matter. Accordingly, I find that the Plaintiffs' requested relief is equitable in nature.

Therefore, given the equitable nature of the claims and relief that Plaintiffs seek and the weight of authority consistently striking jury demands in cases like the one before me, I grant Shell's Motion to Strike (*see* Dkt. 196).

SIGNED this 13th day of March 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[4] Given that the *Amara* Court did not consider ERISA claims in the context of a Seventh Amendment right to a jury trial, Judge Castel "[could not] say that *Amara* so undermines *Pereira* that it is nearly inevitable that it will be overruled by the Second Circuit." *Cunningham*, 2018 WL 4279466, at *4.