Case 3:20-cv-00021   Document 286   Filed on 02/03/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHARLES HARMON, *et al.*, | § § § | |
| Plaintiffs. | § § | |
| VS. | § § | 3:20-cv-21 |
| SHELL OIL COMPANY, *et al.*, | § § § | |
| Defendants. | § | |

# ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION

The court has referred all pretrial matters in this case to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1)(A)–(B). Dkt. 199. Judge Edison filed a memorandum and recommendation on September 6, 2023, recommending the court grant the plaintiffs' motion for class certification. Dkts. 159, 266. Judge Edison also filed a memorandum and recommendation on November 9, 2023, recommending the court deny the parties' motions for summary judgment. Dkts. 202, 207, 270.

On September 20, 2023, the defendants filed objections to Judge Edison's memorandum and recommendation on class certification. Dkt. 267. On December 8, 2023, the plaintiffs and defendants objected to Judge Edison's memorandum and recommendation on their summary-judgment motions. Dkts. 273, 274.

Under 28 U.S.C. § 636(b)(1)(C), the court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the memorandum and recommendations, the objections, the pleadings, and the record.[1] The court accepts Judge Edison's memorandum and recommendations, Dkts. 266, 270, and adopts them as the opinions of the court. It is therefore ordered that:

1. Judge Edison's memorandum and recommendation addressing class certification, Dkt. 266, is approved and adopted in its entirety as the holding of the court.

2. The court grants the plaintiffs' motion for class certification, Dkt. 159, and certifies the following classes under Fed. R. Civ. P. 23(b)(1)(A):

---

[1] In reaching his decision, Judge Edison cited the plaintiffs' expert reports to support the proposition that the Plan's decision to retain Tier III during most of the class period potentially affected participants who did not invest in Tier III by causing them to incur higher fees in their Tier I and Tier II investments. The defendants complain that Judge Edison should not have considered this expert testimony because the reports "were not part of the class[-]certification record." Dkt. 267 at 3. This argument is without merit. The expert reports at issue are part of the court's record and properly considered by Judge Edison. But even if the court disregards Judge Edison's citations to those expert reports, the class-certification record is replete with other evidence that makes the same point. *See, e.g.*, Dkt. 159-17 at 9.

> Class 1 (Counts I, II, and VIII): All participants and beneficiaries of the Shell Provident Fund 401(k) Plan from January 21, 2014, through the date of judgment, excluding the defendants.[2]

---

[2] The parties disagree whether Fifth Circuit precedent permits a district court to certify a class when unnamed class members may lack Article III standing. Indeed, our case law could be clearer. *See Mims v. Stewart Title Guar. Co.*, 590 F.3d 298, 308 (5th Cir. 2009) (stating "[c]lass certification is not precluded simply because a class may include persons who have not been injured by the defendant's conduct," citing *Kohen v. Pac. Inv. Mgmt. Co., LLC*, 571 F.3d 672, 677 (7th Cir. 2009) in its Rule 23 analysis); *In re Deep Water Horizon*, 739 F.3d 790, 801–02 (5th Cir. 2014) (stating it is "unclear whether our circuit has already adopted the *Kohen* test" in *Mims*, without picking a side in the *Kohen/Denney* circuit split); *Flecha v. Medicredit, Inc.*, 946 F.3d 762, 768–69 (5th Cir. 2020) (same); *Chavez v. Plan Benefit Servs., Inc.*, 108 F.4th 297, 307–14, 320 (5th Cir. 2024), *cert. denied sub nom. Plan Benefit Servs. v. Chavez*, No. 24-426, 2024 WL 5011734 (U.S. Dec. 9, 2024) (affirming certification of similarly defined class alleging ERISA violations, analyzing standing only for class representatives in harmony with *Mims*).

Based on the record before the court, along with the parties' apparent agreement that the plaintiffs have otherwise satisfied Rule 23, the court agrees with Judge Edison that certification is proper at this early stage. *See Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 460–62 (2016) (affirming certification although it was undisputed that hundreds of class members suffered no injury, and concluding the question of whether uninjured class members may recover is one of damages for later resolution); *see also TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) ("Every class member must have Article III standing in order to *recover* individual damages.") (emphasis added); *Deep Water*, 739 F.3d at 805 ("[W]e note the possibility that the application of a stricter evidentiary standard might reveal persons or entities who have . . . suffered no loss resulting from [defendants' conduct]. But courts are not authorized to apply such a standard for this purpose at the Rule 23 stage.").

In any case, Class 1 survives under either test. Under *Kohen*, the named plaintiffs have standing, and it is not "apparent" from the record that Class 1 contains "a great many persons who have suffered no injury at the hands of the defendant" such that certification would be improper. *Kohen*, 571 F.3d at 677. And because Judge Edison properly found that every class member "can *allege* standing," *Denney* is satisfied, too. *Deep Water*, 739 F.2d at 806.

> <u>Class 2 (Count III):</u> All participants and beneficiaries of the Shell Provident Fund 401(k) Plan who utilized the Plan's managed account services from January 21, 2014, through the date of judgment, excluding the defendants.

3. The court appoints David Lawrence as class representative for Class 1 and David Lawrence and Brian Coble as class representatives for Class 2. The court appoints the plaintiffs' counsel from Schlichter, Bogard & Denton LLP as class counsel for both classes.

4. Judge Edison's memorandum and recommendation addressing the competing summary-judgment motions, Dkt. 270, is approved and adopted in its entirety as the holding of the court.

5. The court denies the plaintiffs' motion for partial summary judgment, Dkt. 202, and the defendants' motion for summary judgment, Dkt. 207.

Signed on Galveston Island this 3rd day of February, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE